1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JEROME CURRY, JR,

11

Plaintiff,

12

v.

13

KING COUNTY SUPERIOR COURT, *et al.*,

14

Defendants.

CASE NO. 2:23-cv-00062-RJB-JRC

SECOND ORDER TO SHOW
CAUSE

15

16          This matter is before the Court on referral from the District Court and on plaintiff's

17   motion to proceed *in forma pauperis* ("IFP") and proposed amended pleadings, specifically a

18   § 2241 habeas petition and two amended § 1983 complaints. Dkts. 6–8.

19          Plaintiff Jerome Curry, Jr., proceeding *pro se*, filed this civil rights action under 42

20   U.S.C. § 1983. Having reviewed and screened plaintiff's proposed amended pleadings under 28

21   U.S.C. § 1915A, the Court directs the Clerk to open a new case for plaintiff's filed habeas

22   petition under 28 U.S.C. § 2241. Dkt. 8. Further, the Court finds plaintiff's proposed amended

23   complaints fail to state a claim upon which relief can be granted. However, the Court will grant

24

SECOND ORDER TO SHOW CAUSE - 1

1 | plaintiff an opportunity to amend his proposed amended complaints to cure the deficiencies

2 | identified herein.

3 |      If plaintiff chooses to amend his proposed amended complaint, he must file another

4 | amended proposed complaint on or before May 8, 2023. Failure to do so or to comply with this

5 | Order will result in the undersigned recommending dismissal of this matter without prejudice,

6 | meaning that plaintiff will be able to bring his claims at a later date.

7 |      Finally, because it does not appear that plaintiff has presented this Court with a viable

8 | claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall

9 | re-note the IFP motion for the Court's consideration on May 8, 2023.

10 | **BACKGROUND**

11 |      Plaintiff, a pretrial detainee currently confined at Western State Hospital ("WSH"),

12 | initiated this matter on January 10, 2023. Dkt. 1. The Court declined to serve plaintiff's

13 | originally-filed complaint because it was not clear whether plaintiff sought to pursue a civil

14 | action for damages pursuant to 42 U.S.C. § 1983 or a habeas petition for release from

15 | confinement. Dkt. 5. The Court required plaintiff to file either an amended complaint or—if he

16 | sought release—a habeas petition. *Id*.

17 |      Plaintiff filed a proposed amended complaint on February 15, 2023. Dkt. 6. Additionally,

18 | on February 17, 2023, plaintiff filed another proposed amended complaint (Dkt. 7) and a habeas

19 | petition pursuant to 28 U.S.C. § 2241 (Dkt. 8).

20 |      **A.**     **Proposed Amended Complaints**

21 |      *a. First Proposed Amended Complaint (Dkt. 6)*

22 |      In his first proposed amended complaint, plaintiff alleges a violation of "due process of

23 | the laws" with respect to his case in the state courts. Dkt. 6 at 2. He also appears to be

24 |

SECOND ORDER TO SHOW CAUSE - 2

1 | complaining of the conditions of confinement at WSH, asserting "lack of staff or beds" and "the

2 | females [cannot] protect incompetent inmates from being hurt by other inmates." *Id*. at 3–4.

3 | Finally, he provides a narrative about the state of homeless citizens who must contend with the

4 | "community block watch," an organization which violates their rights. *Id*. at 6–7. He names as

5 | defendants King County Superior Court prosecutors' offices and public defenders' offices, as

6 | well as a number of other entities and individuals in Washington State. *Id*. at 1.

7 | b.   *Second Proposed Amended Complaint (Dkt. 7)*

8 | In his second proposed amended complaint, plaintiff alleges several violations of his

9 | constitutional rights with respect to his case in the state courts. Dkt. 7 at 4–8. He claims his rights

10 | to due process and a speedy trial were violated because it took Washington authorities 350 days

11 | to place him in WSH for competency restoration services. *Id*. at 4–5. He also claims defendants

12 | made false statements in order to keep him civilly committed at WSH. *Id*. at 6. Finally, he asserts

13 | an "excessive bail" and Eighth Amendment cruel and unusual punishment claim relating to his

14 | conditions at King County Jail, such as dangerous drinking water from sewage backups and

15 | failure to change bedding. *Id*. at 7. He names as defendants the judge, prosecutor, and public

16 | defender from his state case, as well as officials from WSH and DSHS. *Id*. at 1, 3.

17 | **B.      Proposed § 2241 Habeas Petition**

18 | In his proposed habeas petition, plaintiff appears to be challenging his charges of arson in

19 | the first degree, cruelty to animals, and a violation of court order. Dkt. 8 at 2. He asserts he does

20 | not have a sentence, but is challenging his proceedings on due process grounds, excessive bail,

21 | and cruel and unusual punishment. *Id*. at 3–4. He names King County Superior Court and WSH

22 | as respondents. *Id*. at 1.

23 |

24 |

SECOND ORDER TO SHOW CAUSE - 3

1    In the first Order to Show Cause, the Court informed plaintiff that if he wishes to proceed

2    on claims challenging the fact or duration of his custody, he must initiate a separate action by

3    filing a § 2241 habeas petition on the form provided by the Court. *See* Dkt. 5. Because plaintiff

4    did not initiate a separate action with the filing of a § 2241 habeas petition, but has returned a

5    completed § 2241 habeas petition in response to the Court's first Order to Show Cause, the Court

6    directs the Clerk to open a new case for petitioner under 28 U.S.C. § 2241 with petitioner's

7    proposed § 2241 petition (Dkt. 8). As plaintiff has not paid the filing fee for the new case or

8    submitted an application for leave to proceed *in forma pauperis*, the Clerk shall issue a Notice of

9    Filing Deficiency when it opens the case.

10                                             **DISCUSSION**

11   Under the Prison Litigation Reform Act of 1995, the Court is required to screen

12   complaints brought by prisoners seeking relief against a governmental entity or officer or

13   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

14   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

15   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

16   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

17   152 F.3d 1193 (9th Cir. 1998).

18   Here, plaintiff has failed to file one amended complaint that is complete in itself. Further,

19   plaintiff's proposed amended complaints suffer from deficiencies requiring dismissal if not

20   corrected in an amended complaint.

21   **A.  Personal Participation**

22   In both proposed amended complaints, plaintiff has failed to allege personal participation

23   of the named defendants.

24

SECOND ORDER TO SHOW CAUSE - 4

1    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

2    suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

3    the violation was proximately caused by a person acting under color of state law. *See Crumpton*

4    *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

5    identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

6    (1994).

7    To satisfy the second prong, a plaintiff must allege facts showing how individually

8    named defendants caused, or personally participated in causing, the harm alleged in the

9    complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

10   1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

11   committing an affirmative act, participating in another's affirmative act, or omitting to perform an

12   act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

13   conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

14   at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

15   defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

16   378, 385-90 (1989).

17   Here, plaintiff makes no allegations of any personal participation by any of the named

18   defendants. Without such allegations, plaintiff has failed to state a claim upon which relief can be

19   granted. If he chooses to file an amended complaint, plaintiff must provide specific facts showing

20   how the named defendants' actions violated plaintiff's constitutional rights. Plaintiff must repeat

21   this process for each person he names as a defendant. If plaintiff fails to affirmatively link the

22   conduct of each named defendant with the specific injury suffered by plaintiff, the claim against

23   that defendant will be dismissed for failure to state a claim. Conclusory allegations that a

24

1   defendant or a group of defendants have violated a constitutional right are not acceptable and

2   will be dismissed.

3        **B.  Prosecutorial and Judicial Immunity**

4        Plaintiff names defendant Binder and alleges she is a Kent County Superior Court Judge.

5   Dkt. 7 at 3. Plaintiff alleges defendant Vasquez is a prosecutor. *Id*. He also generally names King

6   County prosecutors. Dkt. 6 at 1.

7        Despite their capacity as state actors, "certain government officials require absolute

8   immunity from liability in order to enable them to function independently and effectively,

9   without fear of intimidation or harassment." *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir.

10  1991).  Accordingly, judges, prosecutors, and officials performing "quasi-judicial" functions

11  have absolute immunity from suit for acts performed in their official capacity.  *Id.* at 836 (citing

12  *Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985)).  State prosecutors are entitled to absolute

13  prosecutorial immunity for acts taken in their official capacity.  *Buckley v. Fitzsimmons,* 509

14  U.S. 259, 273 (1993).  Absolute prosecutorial immunity would not apply where a prosecutor's

15  acts are administrative or investigative in nature.  *Id.*

16       Plaintiff has failed to demonstrate how defendants Binder, as a Kent County Superior

17  Court Judge, and Vasquez, as a prosecutor, as well as unnamed King County prosecutors, are

18  exempt from immunity. Plaintiff must show cause why his amended complaints should not be

19  dismissed as to these defendants.

20       **C.  Claims Against Public Defenders**

21       Plaintiff names "public defender attorneys" and Dillion Johnson, allegedly a public

22  defender, as defendants. Dkts. 6, 7. However, public defenders acting in their role as advocates

23  are not considered state actors for purposes of a § 1983 claim. *See Polk County v. Dodson*, 454

24

SECOND ORDER TO SHOW CAUSE - 6

1   U.S. 312, 320–25 (1981). Even when defense counsel renders ineffective assistance, defense

2   counsel is still not a state actor for purposes of § 1983. *See*, *e.g.*, *Wood v. Patrick*, No. 2:16-cv-

3   00538, 2017 WL 1368981, at *1–3 (D. Nev. Mar. 15, 2017) *report and recommendation adopted*

4   2017 WL 1371256 (noting that, although plaintiff alleged his defense counsel provided

5   ineffective assistance, affirmatively misled him, and breached attorney-client privilege, defense

6   counsel were still not state actors for § 1983 purposes).

7         Here, it is unclear what claims plaintiff is asserting against the public defenders. *See*

8   Dkts. 6, 7. As such, plaintiff does not state a colorable § 1983 claim against these defendants

9   because he fails to establish that his public defenders were acting under color of law. *See Polk*,

10  454 U.S. at 325. Plaintiff must show cause why his amended complaints should not be dismissed

11  as to these defendants.

12        **D.  Claims Against the State of Washington**

13        Plaintiff names the State of Washington Department of Social and Health Services and

14  Western State Hospital as defendants. *See* Dkts. 6–7. However, neither the State of Washington

15  nor arms of the state, including DSHS and WSH, are proper defendants in a § 1983 case. Such

16  claims may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983.

17  The Supreme Court has held a state is not a "person" for purposes of § 1983. *Will v. Michigan*

18  *Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of §

19  1983"); *Hale v. Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department

20  of Corrections is an arm of the State of Arizona). Consequently, a State cannot be sued for

21  damages or injunctive relief. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) ("we

22  have held that § 1983 actions do not lie against a State").

23

24

1   Additionally, "[t]he Eleventh Amendment has been authoritatively construed to deprive

2   federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up*

3   *Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida*

4   *v. Florida*, 517 U.S. 44, 54 (1996)). The State's immunity also applies to its agencies, such as

5   DSHS and WSH. *See Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th

6   Cir. 2005).

7   Plaintiff's proposed amended complaints seemingly allege that the State of Washington's

8   entities DSHS and WSH are liable for its policies regarding its competency restoration treatment

9   program. *See* Dkt. 7, at 5–7. However, claims alleging constitutional violations based on state

10   policies must be made against state officials in their official capacity and the remedy sought must

11   be declaratory or injunctive relief. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153

12   (9th Cir. 2018). Here, plaintiff has not named a state official as a defendant and is seeking money

13   damages. *See* Dkts. 6, 7. Therefore, plaintiff's proposed complaint fails to state a colorable claim

14   against the State of Washington. Plaintiff must show cause why his amended complaints should

15   not be dismissed as to these defendants.

16   **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

17   Due to the deficiencies described above, unless plaintiff shows cause or amends the

18   proposed amended complaints, the Court will recommend dismissal of the proposed amended

19   complaints without prejudice. If plaintiff chooses to amend his proposed amended complaints, he

20   must file his amended proposed complaint on or before **May 8, 2023**. Failure to do so or to

21   comply with this Order will result in the undersigned recommending dismissal of this matter

22   without prejudice.

23

24

SECOND ORDER TO SHOW CAUSE - 8

1    The amended complaint must be legibly rewritten or retyped in its entirety, it should be

2   an original and not a copy, it should contain the same case number, and it may not incorporate

3   any part of the original complaint by reference. The amended complaint will act as a complete

4   substitute for the original complaint, and not as a supplement.

5       An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114

6   F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*,

7   693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and

8   all facts and causes of action alleged in the original complaint that are not alleged in the amended

9   complaint are waived. *Forsyth*, 114 F.3d at 1474.

10      The Clerk is directed to send plaintiff the appropriate forms so that he may file an

11  amended complaint. The Clerk is further directed to send copies of this Order to plaintiff. The

12  Clerk is also directed to re-note plaintiff's IFP application (Dkt. 4) for **May 8, 2023**.

13      If plaintiff fails to file an amended complaint or fails to adequately address the issues

14  raised herein on or before **May 8, 2023**, the undersigned will recommend dismissal of this action

15  pursuant to 28 U.S.C. § 1915.

16      Finally, the Court directs the Clerk to open a new case for petitioner under 28 U.S.C. §

17  2241 with petitioner's proposed § 2241 petition (Dkt. 8). As plaintiff has not paid the filing fee

18  for the new case or submitted an application for leave to proceed *in forma pauperis*, the Clerk

19  shall issue a Notice of Filing Deficiency when it opens the case.

20      Dated this 7th day of April, 2023.

21

22

J. Richard Creatura
United States Magistrate Judge

23

24