UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CURRY, JR.,<br><br>                Plaintiff,<br>    v.<br><br>KING COUNTY SUPERIOR COURT, *et al.*,<br><br>                Defendants. | CASE NO. 2:23-cv-00062-RJB-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 9, 2023 |

This matter is before the Court on referral from the District Court and on Plaintiff Jerome Curry, Jr.'s Motion to Proceed *In Forma Pauperis* ("IFP Motion") and proposed amended Complaint filed pursuant to 42 U.S.C. § 1983. Dkts. 4, 13. The Court has screened Plaintiff's proposed amended Complaint and finds Plaintiff has both failed to state a claim and to adequately respond to the Court's Order to Show Cause. Therefore, the Court recommends the proposed amended Complaint be dismissed and the IFP Motion be denied without prejudice as moot.

REPORT AND RECOMMENDATION - 1

I.  Background

Plaintiff, a pretrial detainee currently confined at Western State Hospital ("WSH"), initiated this matter on January 10, 2023. Dkt. 1. On February 9, 2023, the Court screened Plaintiff's proposed Complaint and found it was unclear as to whether Plaintiff sought to pursue a civil action for damages pursuant to 42 U.S.C. § 1983 or a habeas petition for release from confinement. *See* Dkt. 5. The Court required Plaintiff to file either an amended Complaint or—if he sought release—a habeas petition by March 10, 2023. *Id*.

On February 15, 2023, Plaintiff filed a proposed amended Complaint. Dkt. 6. Additionally, on February 17, 2023, Plaintiff filed another proposed amended Complaint (Dkt. 7) and a habeas Petition pursuant to 28 U.S.C. § 2241 (Dkt. 8). On April 7, 2023, the Court directed the Clerk to open a new case for Plaintiff's filed habeas Petition, but again ordered Plaintiff to correct the deficiencies in the proposed amended Complaints, on or before May 8, 2023. Dkt. 10. On April 26, 2023, Plaintiff filed the instant proposed amended Complaint (hereinafter "Complaint"). Dkt. 13.

In the Complaint, Plaintiff again alleges several violations of his constitutional rights with respect to his case in the state courts. Dkt. 13 at 4–8. He claims his rights to due process and a speedy trial were violated because it took Washington authorities 350 days to place him in WSH for competency restoration services. *Id*. at 4–6. He also claims Defendants made false statements in order to continue his civil commitment at WSH. *Id*. at 5. Plaintiff also alleges his rights under the First, Eighth, and Ninth Amendments were violated. *Id*. at 5. In the caption of the Complaint, Plaintiff names the "State of Washington, County King Judges, Western State Hospital/DSHS [Department of Social and Health Services]" as Defendants. *Id*. at 1. In Section II of the Complaint providing Defendants' information, he names as Defendants: Dillion

REPORT AND RECOMMENDATION - 2

1  Johnson, a Public Defender; Judge Bender, a "Judge in Kent, Washington"; and

2  "DSHS/Washington State/Western State Hospital." *Id*. at 3. As relief, Plaintiff seeks monetary

3  damages and requests Defendants be terminated from their jobs and incarcerated. *Id*. at 9.

**II.  Discussion**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A.   Defendant Johnson

Plaintiff references Dillion Johnson, a Public Defender, in this matter. Dkt. 13 at 3. As the Court explained in its April 7, 2023, Order (Dkt. 10), public defenders acting in their role as advocates are not considered state actors for purposes of a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 320–25 (1981). Even when defense counsel renders ineffective assistance, defense counsel is still not a state actor for purposes of § 1983. *See, e.g.*, *Wood v. Patrick*, No. 2:16-cv-00538-APG-PAL, 2017 WL 1368981, at *1–*3 (D. Nev. March 15, 2017), *report and recommendation adopted* 2017 WL 1371256 (noting that, although plaintiff alleged his defense counsel provided ineffective assistance, affirmatively misled him, and breached attorney-client privilege, defense counsel were still not state actors for § 1983 purposes).

Here, it remains unclear what claims Plaintiff is asserting against Public Defender Johnson. *See* Dkt. 13. Due to these opaque allegations against a non-state actor, Plaintiff does not state a colorable § 1983 claim against this Defendant because he fails to establish that this Public Defender was acting under color of law. *See Polk*, 454 U.S. at 325.

B.  Defendant Bender

Plaintiff specifically references Judge Bender, a Judge in Kent County, and generically accuses "King County Judges" of misconduct in this matter. Dkt. 13. As explained in its April 7, 2023, Order (Dkt. 10), "[s]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). As Judge Bender and "King County Judges" more broadly have immunity, Plaintiff has failed to state a claim against them.

C.  DSHS/Washington State/Western State Hospital

Plaintiff references the State of Washington, the DSHS, and WSH in this matter. *See* Dkt. 13. As explained in its April 7, 2023, Order (Dkt. 10), neither the State of Washington nor arms of the state, including DSHS and WSH, are proper defendants in a § 1983 case. Such claims may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has held a state is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983"); *Hale v. Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the State of Arizona). Consequently, a State cannot be sued for damages or injunctive relief. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) ("we have held that § 1983 actions do not lie against a State").

Additionally, "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The State's immunity also applies to its agencies, such as

1  DSHS and WSH. *See Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005).

Plaintiff's Complaint seemingly alleges that these State of Washington entities, DSHS and WSH, are liable for its policies regarding its competency restoration treatment program. *See* Dkt. 13 at 4–6. However, claims alleging constitutional violations based on state policies must be made against state officials in their official capacity and the remedy sought must be declaratory or injunctive relief. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). Here, Plaintiff again has not named a state official as a Defendant and again is seeking money damages. *See* Dkt. 13 at 1, 3, 9. Therefore, Plaintiff's Complaint fails to state a colorable claim against the State of Washington, DSHS, or WSH.

D.  Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Plaintiff has been allowed to amend his original Complaint twice and the Court, on two occasions, instructed Plaintiff regarding the deficiencies of his previous Complaints. *See* Dkt. 5, 6, 7, 10. 13. Therefore, the Court recommends Plaintiff not be given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to

REPORT AND RECOMMENDATION - 6

amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III.  Conclusion

For the foregoing reasons, the Court finds Plaintiff has failed to state a claim against all Defendants referenced in his Complaint. After having been previously informed of the same deficiencies, Plaintiff has failed to cure them. Therefore, the Court recommends the Complaint be dismissed without leave to amend. The Court also recommends Plaintiff's IFP application be denied without prejudice as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2023**, as noted in the caption.

Dated this 26th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge